## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

RICHARD JOHNSON,
an individual,

       Case Number:
       Honorable:

       Plaintiff,

vs.

BLUE COAST VISION, P.C, d/b/a
COASTAL WOODS VISION,
a professional corporation,

       Defendant.
_____/
Brian E. Muawad (P41209)
BRIAN E. MUAWAD, P.C.
Attorneys for Plaintiff
22330 Greater Mack Ave
St. Clair Shores, MI 48080
(586) 778-8570
muawadpcscs@sbcglobal.net
_____/

## COMPLAINT

       Plaintiff, Richard Johnson (hereinafter "Plaintiff"), hereby sues the Defendant,  Blue Coast

Vision, P.C., d/b/a Coastal Woods Vision, a Michigan professional corporation, (hereinafter referred to

as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the

Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the

Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

In support thereof, Plaintiff states:

1.      This action is brought by Richard Johnson pursuant to the enforcement provision of the

Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan

Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*, against the

owners and/or operators of the Defendant.

2.    This Court has jurisdiction pursuant to the following statutes:

a. 28 U.S.C. §1331, which governs actions that arise from the

Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C.

§12181 et seq. See also 28 U.S.C. §2201 and §2202.

b. 28 U.S.C. §1331, which gives District Courts original jurisdiction

over civil actions arising under the Constitution, laws or treaties of the United

States; and

c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction

over actions to secure civil rights extended by the United States government.

d. 28 U.S.C. § 1367 supplemental jurisdiction over state law claims, that arise from

part of the same case or controversy and arise from a "common nucleus of operative facts.

3.    Venue is proper in this judicial district and division. Defendant does business in the

State of Michigan, and all of the acts of discrimination and negligence alleged herein occurred in this

judicial district and division.

## **PARTIES**

4.    Plaintiff Richard Johnson is a resident of Manistee County, suffers from mobility issues,

and must ambulate with a wheelchair and is an individual with a disability within the meaning of

ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5.    Plaintiff Richard Johnson is substantially limited in performing one or more major life

activities, including but not limited to, ambulating unassisted.

6.    Upon information and belief, Plaintiff Richard Johnson, on several occasions, has been to the

Defendant's place of business, an eye doctor's office, located at 384 First Street, Manistee, Michigan.

7.    Plaintiff Richard Johnson was a patron at Defendant's place of business, at the foregoing

address, on or about October 6, 2022 around 3pm when the incident herein occurred.

8.    Defendant's business is a place of public accommodation within the meaning of Title III of

the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

9.    Defendant owns, leases, leases to, or operates Coastal Woods Vision and is responsible for

complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

10.     Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11.     Plaintiff has visited the property which forms the basis of this lawsuit, and had planned to return to the property for his ongoing eye appointments; and thus, has plans to return on a regular basis to avail himself of the goods and services offered to the public at the property.

12.     There are numerous architectural barriers present at Defendant's place of business that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Coastal Woods Vision, are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36,  ('the Standards").

13.     Upon information and belief, the elements and spaces to which there are barriers to access Coastal Woods Vision, include, but are not necessarily limited to:

> a. There is no signage indicating where the accessible parking is located so a disabled individual would know where to park.

> b. There is a lack of a safe accessible route from the parking area to the property for a disabled individual to utilize.

> b. There is a handicap ramp that has an excessively steepslope that creates a dangerous condition for a disabled individual, to wit: the ramps exceeds the maximum running slope (direction of travel) allowable of 8.33%. The top run slope is 9%, the middle run slope is 9.5 in violation of 2010 ADAS Section: 405.2 and 1991 ADAS Section: 4.8.2.

> c. The handicap ramp has a steep cross slope that creates a dangerous condition for a disabled individual.

14.     The discriminatory violations described in paragraph 13 of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied the benefits of, services, programs and activities of the Defendant's building and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

15.    The Plaintiff will continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and

has been denied the benefits of services, programs and activities of the Defendant's buildings and its

facilities, the opportunity to use such elements, and has otherwise been discriminated against and

damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

16.    Plaintiff has standing to sue for every barrier to access for the mobility-impaired

that exists on the subject premises. Plaintiff, Richard Johnson, has standing to require that all barriers to

access on the property for the mobility-impaired are corrected, not merely only those Richard Johnson

personally encountered.

17.    Defendant's failure to remove the architectural barriers identified in paragraph thirteen (13)

constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i)

and 28 C.F.R. 36.503 (a).

18.    It would be readily achievable for the Defendant to remove the architectural barriers identified

above and to modify their policies of discrimination.

19.    Defendant is required to remove the existing architectural barriers to the physically disabled

when such removal is readily achievable for its place of public accommodation that have existed prior

to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's

place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the

maximum extent feasible, that the altered portions of the facility are readily accessible to and useable

by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally,

if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to

January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible

to and useable by individuals with disabilities as defined by the ADA.

20.     The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq.

21.     Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

22.     Plaintiff, Richard Johnson, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendant.

23.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA, unless he is willing to suffer further discrimination.

24.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

26.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**COUNT II**

**VIOLATION OF THE PDCRA**

27.     Plaintiff realleges paragraphs one (1) through twenty-six (26) of this Complaint

and incorporates them here as if set forth in full.

28.     The Defendant has discriminated against Plaintiff by denying him the full and equal enjoyment

of the goods, services, facilities, privileges, advantages, and accommodations of a place of public

accommodation because of a disability, as prohibited by MCL 37.1302.

29.     Plaintiff has desired and attempted to enjoy the goods and services at the property

as a customer and patron. She has been prevented from doing so due to the existing architectural

barriers at the property. As a result, she has been distressed and inconvenienced thereby, and is entitled

to monetary damages for her injuries, as provided for in MCL 37.1606.

30.     As a result of being denied full access to the property, Plaintiff has suffered, and will continue to

suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other

consequential and incidental damages.

**PRAYER FOR RELIEF**

**ADA & PDCRA CLAIMS**

32.     Because Defendant has engaged in the acts and practices described above, Defendant has

violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant

will continue to violate the Constitution and laws of the United States of America, and the State of

Michigan, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

         A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42

U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons With Disabilities Civil Rights Act

("PDCRA"), MCL 37.1101 *et. seq.*

i. by failing to bring Coastal Woods Vision into compliance with the Standards where it is readily achievable to do so; and

ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B. Order Defendant:

i. to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

ii. to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C. Award damages to Richard Johnson who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D. Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E. Order such other appropriate relief as the interests of justice may require.

## COUNT III

## NEGLIGENCE

33.    Plaintiff realleges paragraphs one (1) through twenty-six (32) of this Complaint and incorporates them here as if set forth in full.

34.    On or about October 6, 2022, around 3pm, Plaintiff had an eye appointment at Coastal Woods Vision for an eye examination. Plaintiff is wheelchair bound and was forced to utilize the handicap ramp to enter into the building.

35.    While Plaintiff was utilizing the handicap ramp, he was caused to fall out of his wheelchair due to the ramp being too steep and too short.

36.    As a result of his fall on concrete, Plaintiff sustained the following injuries: fractured spine at T-11 and L-7.

37.     It was the duty of Defendant to use due care in properly constructing the handicap ramp so as

not to cause patients, like Plaintiff, to be injured when attempting to enter the building by way of the

handicap ramp for wheelchair bound patients like Plaintiff.

38.     Defendant breached that duty of due care by failing to construct the handicap ramp in that it was

too short and/or too steep, so as not to cause patients, like Plaintiff, to be injured when attempting to

enter the building by way of the handicap ramp for wheelchair bound patients like Plaintiff.  Defendant

failed to construct the handicap ramp in a proper manner and/or in a workmanship like manner so as to

allow wheelchair bound patients entry into the building so as not to cause injury.

39.     Defendants owed Plaintiff the following duties of care:

      a.     to construct the handicap ramp so as to meet proper ADA standards for such
ramps

      b.     not to construct the handicap ramp carelessly and heedlessly with willful and
wanton disregard for the safety of handicap or wheelchair bound patients

      c.     to allow proper entry into its building for wheelchair bound patients like Plaintiff
control

      d.     by constructing the handicap ramp too steep and/or too short Defendant knew or
should have known that failure to construct the handicap ramp properly would
naturally and probably result in injury to Plaintiff

40.     As a direct and proximate result of the breach of Defendant's duties, in making the handicap

ramp too short and/or too steep Plaintiff was caused to fall out of his wheelchair and the injuries

stated in this complaint resulted.

41.     As a direct and proximate result of the negligence of Defendant Plaintiff suffered serious

injuries and may in the future suffer or may permanently suffer mental anguish, pain and suffering,

injuries, and limitations, including serious impairment of body function or permanent or serious

disfigurement and aggravation of any preexisting conditions. Plaintiff's damages include, but are

not limited to, the following injuries:

a.      serious fractures to his neck and back, arms, and other parts of his body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any preexisting problem that might have existed

b.      pain, suffering, and mental anguish

c.      wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums that are found to apply to the cause

d.      other damages, injuries, and consequences that are found to be related to this incident that developed during the course of discovery, to the extent that the damages are recoverable under the laws of the State of Michigan.

## RELIEF REQUESTED

## NEGLIGENCE CLAIMS

Plaintiff asks the court to award damages against Defendant in whatever amount Plaintiff is found to be entitled to in excess of $75,000, plus interest, costs, and attorney fees.

Respectfully submitted,

By: */s/Brian E. Muawad*
BRIAN E. MUAWAD (P 41209)
BRIAN E. MUAWAD, P.C.
Attorneys for Plaintiff

DATED: October 2, 2025